FILED

JUL 30 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **19 CR 614** |
| | ) | |
| v. | ) | Violation: Title 18, United States |
| | ) | Code, Section 1343 |
| WILLIAM FOLEY | ) | **JUDGE THARP** |

**MAGISTRATE JUDGE SCHENKIER**

The UNITED STATES ATTORNEY charges:

1. At times material to this Information:

    a. Organization A was a not-for-profit organization based in Lincolnshire, Illinois that funded research to advance the diagnosis, treatment, and prevention of congenital heart defects in children.

    b. Defendant WILLIAM FOLEY was the Executive Director of Organization A from June 2004 through December 2017.

2. Beginning in or around January 2011, and continuing until on or about November 30, 2017, at Lincolnshire, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILLIAM FOLEY,

defendant herein, devised, intended to devise, and participated in a scheme to defraud Organization A and to obtain money and property owned by and under the custody and control of Organization A by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that FOLEY fraudulently disbursed and caused to be disbursed from the bank accounts of Organization A funds to FOLEY and accounts controlled by FOLEY for FOLEY's own benefit, including FOLEY's personal credit card account at Citibank.

4. It was further part of the scheme that FOLEY fraudulently caused funds of approximately $508,090 to be wired from the bank account of Organization A to pay balances on FOLEY's personal credit card account at Citibank, which had been used for personal expenses of clothing, hotel rooms, groceries, gas, and meals that were unrelated to his employment at Organization A.

5. It was further part of the scheme that FOLEY fraudulently used Organization A's credit card issued to him by Organization A to pay his personal expenses totaling at least approximately $220,112, including the purchase of clothing, airline tickets, hotel rooms, sporting event tickets, groceries, gas, and meals knowing that these purchases using Organization A's credit card were prohibited because they were unrelated to his employment at Organization A.

6. It was further part of the scheme that FOLEY withdrew cash funds associated with one of Organization A's accounts that had been issued to him by Organization A totaling at least approximately $20,604, using those funds for his own benefit.

7. It was further part of the scheme that FOLEY falsely categorized disbursements to himself and to his accounts as legitimate business expenses in the financial journals of Organization A in order to conceal his fraudulent scheme.

8. It was further part of the scheme that FOLEY concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

9. On or about October 3, 2016, at Lincolnshire, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILLIAM FOLEY,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of approximately $8,821 from Organization A's bank account at Fifth Third Bank to FOLEY's bank account at Citibank;

In violation of Title 18, United States Code, Section 1343.

## Forfeiture Allegation

The UNITED STATES ATTORNEY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Information, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes but is not limited to a personal money judgment in the amount of approximately $770,386.

3. If any property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

*[signature]*
UNITED STATES ATTORNEY